Melinda KILIAN, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner, Social Security, Defendant—Appellee.

No. 05–35649.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed March 2, 2007.

D. James Tree, Esq., Yakima, WA, for Plaintiff–Appellant.

Pamela J. Derusha, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, David M. Blume, Esq., SSA—Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FISHER and TALLMAN, Circuit Judges, and EZRA,* District Judge.

MEMORANDUM **

Melinda Kilian appeals the decision of Magistrate Judge Michael W. Leavitt, affirming an administrative law judge's

---

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("ALJ") denial of her second application for disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Substantial evidence supports the second ALJ's decision to apply res judicata because Kilian has not established changed circumstances sufficient to overcome the presumption of continuing nondisability. *See Lester v. Chater,* 81 F.3d 821, 827–28 (9th Cir.1995). The record contains scant evidence from the relevant time period to show a worsening of Kilian's condition, and a letter written by Kilian's treating physician in 2003, stating that Kilian could no longer perform sedentary work as of 1998, is undercut by the doctor's own treatment notes that suggested Kilian still went shopping and performed housekeeping activities.

In addition, Kilian's claim that an intervening change in the applicable Social Security regulations bars application of res judicata is without merit. Under the rules in effect at the time Kilian filed her claim, the ALJ had discretion to determine whether obesity renders an individual disabled. *See* 64 Fed.Reg. 46122 (Aug. 24, 1999).[1] Substantial evidence supports the ALJ's determination that Kilian remained capable of light work until her date last insured despite her weight gain. Finally, Kilian cannot show changed circumstances as a result of her new mental impairments because the record contains no supporting medical evidence from before her date last insured, and she failed to raise her alleged mental impairments below.

■ Kilian's contention that the ALJ erred when he discounted her treating physician's opinion is flawed because the treating physician's opinion conflicted with that of a nonexamining physician, and the ALJ supported his decision with specific and legitimate reasons. *See Andrews v. Shalala,* 53 F.3d 1035, 1043 (9th Cir.1995); *see also Magallanes v. Bowen,* 881 F.2d 747, 754 (9th Cir.1989).

■ Because the ALJ never determined that Kilian was disabled and substantial evidence supports the ALJ's determination that she did not become disabled by her date last insured, he was not required to call a medical expert to determine a correct disability onset date. *Cf. Armstrong v. Comm'r of Soc. Sec. Admin.,* 160 F.3d 587, 590 (9th Cir.1998); *Morgan v. Sullivan,* 945 F.2d 1079, 1083 (9th Cir. 1991). Furthermore, the ALJ did not err when he relied on the vocational guidelines at step five because Kilian's nonexertional limitations were insignificant, *see Macri v. Chater,* 93 F.3d 540, 545 (9th Cir.1996), and the ALJ was not bound by testimony of a vocational expert premised on the treating physician's unsupported assessment of Kilian's limitations, *see Osenbrock v. Apfel,* 240 F.3d 1157, 1163–65 (9th Cir. 2001). Finally, because Kilian did not argue before the district court that the ALJ failed to develop the record fully and fairly, we will not consider that argument on appeal. *See Edlund v. Massanari,* 253 F.3d 1152, 1158 (9th Cir.2001).

**AFFIRMED.**

---

1. The new rules went into effect on October 25, 1999, and the Social Security Administration intended them to apply even to claims pending as of that date. *See* S.S.R. 02–1p ("The final rules deleting listing 9.09 apply to claims that were filed before October 25, 1999, and that were awaiting an initial determination or that were pending appeal at any level of the administrative review process or that had been appealed to court."). Kilian did not file her claim until 2002, so the ALJ did not have to analyze her claim under the deleted listing.